UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| Plaintiff, | ) NO. C04-1499L |
| v. | ) JUDGMENT OF FORFEITURE |
| $12,800.00 IN U.S. CURRENCY, more or less, and all proceeds therefrom, | ) |
| Defendant. | ) |

Plaintiff, United States of America, filed its Verified Complaint for Forfeiture of the $12,800.00 in U.S. Currency, more or less, and all proceeds therefrom (defendant currency) on June 30, 2004, pursuant to Title 21, United States Code, Section 881(a)(6).

On or about July 30, 2004, copies of the Verified Complaint for Forfeiture in rem, Notice of Complaint for Forfeiture in rem, and Warrant of Arrest in rem were served on Marlon McCrae. The return of service has been filed with the Court.

On July 14, 21, and 28, notice of the complaint and arrest was published in the Seattle Daily Journal of Commerce.  All interested persons were advised to file their claims within 30 days of the date of publication or within such additional time as may be allowed by the Court, and to file an answer to the complaint within 20 days.

On September 8, 2004, Marlon McCrae filed a claim to the defendant currency. No answer was filed within 20 days as required by Supplemental Rule C(6)(a)(iii), Supplemental

JUDGMENT OF FORFEITURE - 1
(C04-1499L) US v. $12,800.00 in U.S. Currency

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

Rules for Certain Admiralty and Maritime Claims, Federal Rules of Civil Procedure. On October 8, 2004, the Court entered an Order Regarding Initial Disclosures, Joint Status Report, and Early Settlement, setting the Joint Status Report due date for November 19, 2004.

On September 24, 2004, the Plaintiff sent Plaintiff's First Set of Interrogatories and Requests for Production Propounded to Claimant Marlon McCrae, by U.S. Mail, Certified/Return Receipt Requested, to Marlon McCrae. Mr. McCrae was advised by cover letter that he had thirty days in which to answer and return the Interrogatories to Plaintiff. Mr. McCrae did not answer the Interrogatories.

On November 23, 2004, Plaintiff sent its first letter to Mr. McCrae, U.S. Mail, Certified/Return Receipt Requested, seeking a response to the discovery. In the letter, Mr. McCrae was notified that his failure to respond to the Interrogatories could result in the filing of a Motion to Strike his claim. Mr. McCrae was advised that if he had any questions, to call Charmaine Arredondo, Paralegal in the Asset Forfeiture Unit, U.S. Attorney's Office, assigned to this case.

On December 3, 2004, Mr. McCrae contacted paralegal Charmaine Arredondo by telephone (see affidavit of Charmaine Arredondo, docket no. 12). He asked for an extension of time to answer the Interrogatories and he gave a different address of 1219 Susan Court, Salem, OR, 97303, at which to be served. He also requested a new set of Interrogatories be sent to him. Mrs. Arredondo explained to Mr. McCrae that a new set of Interrogatories would be sent, as well as the Initial Disclosures and a copy of the proposed Joint Status Report. Mrs. Arredondo informed Mr. McCrae that he would be allowed until January 3, 2005 to respond to the Interrogatories, but that the Joint Status Report was due to the Court on December 20, 2004 and so he would need to contact her or Mr. Cohen to discuss any changes in the Status Report. Mrs. Arredondo requested a contact phone number at which Mr. McCrae could be reached. However, he refused to provide one.

On December 6, 2004, Plaintiff sent Mr. McCrae a second letter, by U.S. Mail, Certified/Return Receipt Requested, requesting responses to the Interrogatories sent to him

JUDGMENT OF FORFEITURE - 2
(C04-1499L) US v. $12,800.00 in U.S. Currency

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

on September 24, 2004. Enclosed with the letter was a copy of the Interrogatories, a copy of a draft of the Joint Status Report, and the Initial Disclosures. The letter explained to Mr. McCrae that he was granted additional time, and would have until January 3, 2005 to respond to the Interrogatories. Mr. McCrae never contacted Plaintiff's Counsel's office again, either to discuss the Joint Status Report or to respond to the Interrogatories.

By December 20, 2004, the due date of the Joint Status Report, it was clear that Mr. McCrae would not be contacting Plaintiff. Plaintiff revised the status report to be an Independent Status Report and filed it with the Court.

On January 26, 2005, due to Mr. McCrae's lack of responsiveness to the United States, pursuant to Rule 37(a)(2)(B), Federal Rules of Civil Procedure, and local Rule CR 37(a)(2)(B), the United States moved for a Court Order Compelling Claimant to respond to the Government's First Set of Interrogatories and Requests for Production of Documents. The Court entered the Order Compelling Marlon McCrae to Answer Government's Interrogatories and Respond to Government's Request for Production of Documents on February 15, 2005 and gave Mr. McCrae 20 days from the date of the Order in which to give complete responses to Plaintiff's Interrogatories and Requests for Production.

On March 30, 2005, Plaintiff moved for an Order Striking the Claim of Marlon McCrae and Granting the Government's Motion for Judgment of Forfeiture. On May 5, 2005, the Court granted the Government's Motion for Judgment of Forfeiture.

More than thirty (30) days have elapsed since all possible claimants were served with the Verified Complaint for Forfeiture and related documents.  In addition, more than thirty (30) days have elapsed since the last date notice of this action was published.  The Court has struck Marlon McCrae's claim to the defendant currency, and no other claim or an answer to the Complaint has been filed by any other person or entity, within the time period allowed by Supplemental Rule C(6).  No parties contesting the forfeiture of the defendant currency remain before the Court.

Now, therefore on motion of the Plaintiff, United States of America, for a  Judgment of Forfeiture, it is hereby

JUDGMENT OF FORFEITURE - 3
(C04-1499L) US v. $12,800.00 in U.S. Currency

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

ORDERED, ADJUDGED AND DECREED as follows:

1.      This Court has jurisdiction over this action under Title 28, United States Code, Sections 1345, 1355, and 1395, and Title 21, United States Code,  Section 881.

2.      The defendant $12,800 in U.S. Currency, more or less, and all proceeds therefrom, is hereby condemned and forfeited to the United States of America and no right, title or interest in the defendant currency shall exist in any other party.  The United States Marshals Service shall dispose of the defendant currency in accordance with the law.

The CLERK is directed to serve a copy of this document on all parties of record and three (3) "raised seal" certified copies to the United States Marshals Service.


DATED this 12th day of May, 2005.


_MM S Lasnik_
Robert S. Lasnik
United States District Judge


Presented by:


  s/Richard E. Cohen
RICHARD E. COHEN
Assistant United States Attorney
700 Stewart Street, Suite 5220
Seattle, Washington 98101
206-553-2242
206-553-6934 (fax)
Richard.E.Cohen@usdoj.gov

JUDGMENT OF FORFEITURE - 4
(C04-1499L) US v. $12,800.00 in U.S. Currency

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970